# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 07-20124-01-CM |
| CARRIE MARIE NEIGHBORS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This post-trial, pre-sentencing case is before the court on defendant Carrie Neighbors's Motion for a Judgment of Acquittal or in the Alternative a Motion for a New Trial (Doc. 393). Defendant asks the court to enter judgment of acquittal or grant her a new trial on two bases: (1) insufficient evidence to support the verdict; and (2) erroneous jury instruction on "deliberate indifference."

### I. Standards for Judgment

### A. Acquittal

In reviewing a motion for judgment of acquittal, the court views the evidence in the light most favorable to the government. *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999) (citation omitted). The court must uphold the jury's guilty verdict if "***any*** rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (emphasis in original) (quotation and citation omitted). "The evidence necessary to support a verdict 'need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt.'" *United States v. Wood*, 207 F.3d

1222, 1228 (10th Cir. 2000) (quotation and citations omitted). The court considers both direct and circumstantial evidence, as well as reasonable inferences that can be drawn from that evidence. *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993) (citation omitted).

**B.     New Trial**

In considering a motion for new trial, the court has broad discretion that will not be disturbed on appeal absent plain abuse of that discretion. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987). The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires." Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted). The court may weigh the evidence and assess witness credibility. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (citation omitted). The court should grant a motion for a new trial if, "after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.'" *United States v. Gabaldon*, 91 F.3d 91, 93–94 (10th Cir. 1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994)). But courts disfavor new trials and exercise great caution in granting them. *United States v. Herrera*, 481 F.3d 1266, 1269–70 (10th Cir. 2007) (citation omitted). The burden of proving that a new trial is warranted rests on the defendant. *Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

**II.    Discussion**

**A.     Sufficiency of the Evidence**

The jury convicted defendant of (1) conspiracy to commit wire fraud, mail fraud, and money

laundering; (2) numerous counts of wire fraud; and (3) multiple counts of money laundering. Defendant does not specify how the evidence was insufficient to support any of these convictions. The court has reviewed the elements for each of the offenses and recalls the evidence presented at trial. The government presented sufficient evidence to support a conviction on each of the counts submitted to the jury.

To prove conspiracy, the government was required to show: (1) an agreement to violate the law; (2) at least one overt act in furtherance of the conspiracy's objective; (3) defendant's knowledge of the conspiracy's objective; (4) defendant's knowing and voluntary participation; and (5) interdependence. Tenth Circuit Criminal Pattern Jury Instruction 2.19. In support of defendant's conspiracy conviction, the government presented evidence through the testimony of co-conspirators and confidential informants that defendant conspired with them to buy property that she knew or should have known was stolen. The government presented evidence supporting each of the overt acts submitted to the jury. The government also offered testimony suggesting that defendant both knew the essential objective of the conspiracy and voluntarily and knowingly participated in it. Substantial testimony by co-conspirators established that defendant believed that items she was purchasing were stolen. The evidence showed that defendant paid the sellers prices substantially lower than they could have received by returning the items to the stores (had the items been purchased legitimately), and then resold the items, often at a profit. And the jury heard that when defendant resold the items, she used interstate wire communications and the mail, commingling funds derived from the sale of stolen items with other funds, and then used the funds to buy additional stolen items. Finally, the government showed interdependence; in order for defendant to buy and sell stolen goods, other members of the conspiracy had to actually steal the items. The court determines that the evidence presented at trial was sufficient to support the conspiracy conviction.

To establish wire fraud, the government was required to show: "(1) a scheme to defraud; (2) an interstate wire communication; and (3) a purpose to use the wire communication to execute the scheme." *United States v. Wittig*, 575 F.3d 1085, 1093 (10th Cir. 2009) (quotation marks and citation omitted). In support of the wire fraud counts, the government presented evidence that defendant intentionally participated in a scheme to defraud by knowingly buying stolen goods and then advertising them on eBay without informing customers that the goods were stolen. The jury heard evidence that defendant took measures to conceal the nature of the goods; police found tags and other identifying information in her trash. She then used an interstate wire transmission for each transaction, which was shown by documentary evidence. The evidence supports defendant's convictions for wire fraud.

> Finally, to prove money laundering, the government had to prove:
>
> (1) that Defendant engaged in a financial transaction; (2) that Defendant knew that the property involved in that transaction represented the proceeds of [her] unlawful activities; (3) that the property involved was in fact the proceeds of that criminal enterprise; and (4) that Defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of the specified unlawful activities.

*United States v. Garcia-Emanuel*, 14 F.3d 1469, 1473 (10th Cir. 1994) (quotations omitted). The evidence in support of the money laundering counts was also sufficient to support the convictions. The government presented evidence that defendant wrote checks from a bank account that contained funds received from the sale of stolen property on eBay. As discussed previously, the government also presented ample evidence that defendant knew that she was receiving money from selling stolen property. Defendant used wire transfers to promote her unlawful activity. And she used proceeds from the sale of stolen goods to purchase additional stolen goods, thereby promoting the scheme.

Defendant has not shown a valid basis for a judgment of acquittal or a new trial based on the

-4-

sufficiency of the evidence. Viewing the evidence in the light most favorable to the government, a rational jury could have found defendant guilty of every count. The verdict is not contrary to the weight of the evidence. Defendant's motion is denied on this issue.

## B.   Deliberate Indifference

In Jury Instruction No. 26, the court instructed the jury that it could infer defendant's knowledge that items were stolen based on deliberate indifference. The court's instruction was based on Tenth Circuit Pattern Instruction 1.37. Defendant objected to the instruction at trial, and the court overruled defendant's objection.

The court continues to believe that instruction on deliberate indifference was appropriate in this case. The government may prove knowledge through deliberate indifference where "the Government presents evidence that the defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of prosecution." *United States v. Delreal-Ordones*, 213 F.3d 1263, 1268 (10th Cir. 2000) (internal quotation marks omitted). Although a deliberate indifference instruction would be inappropriate if the evidence only supported a finding of direct knowledge, *United States v. Ochoa-Fabian*, 935 F.2d 1139, 1142 (10th Cir. 1991), that is not the situation presented here. The government presented evidence supporting both actual knowledge and deliberate indifference. Several witnesses testified that they told defendant that items were stolen. The government also presented evidence suggesting that defendant removed stickers and tags from items and discarded them in her trash. The jury heard defendant instruct Officer Mickey Rantz, an undercover officer, not to tell her that items were stolen because she would not be able to buy the items. And the government presented business records and summaries demonstrating the frequency with which defendant purchased duplicate new items from the same sellers. These records suggested that defendant should have inquired how the seller was acquiring the duplicate new items.

Where, as here, the evidence supports either actual knowledge or deliberate indifference, a deliberate indifference instruction is warranted. *Id.* Defendant is not entitled to judgment of acquittal or a new trial on this basis.

**IT IS THEREFORE ORDERED** that Carrie Neighbors's Motion for a Judgment of Acquittal or in the Alternative a Motion for a New Trial (Doc. 393) is denied.

Dated this 2nd day of December 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**