IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-20124-CM |
| CARRIE NEIGHBORS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Petition for Production of Ministerial Grand Jury Records. (Doc. 552).

### I.   Factual Background

Defendant was convicted of conspiracy to commit offense or to defraud the United States, wire fraud, money laundering, and aiding and abetting on September 22, 2010. On April 19, 2012, Defendant filed a Petition for Production of Ministerial Grand Jury Records in accordance with the Freedom of Information Act (FOIA), and Fed. R. Civ. P. 33 and 34. Defendant claims she is entitled to these documents so that she can accurately prepare her motion under 28 U.S.C. § 2255.

### II.   Discussion

Although there is no *per se* rule against the disclosure of grand jury documents, the defendant must show a "particularized need" for the documents, in which case the documents "should be disclosed in a discrete and limited manner." *United States v. Troutman*, 814 F.2d 1428, 1453 (10th Cir. 1987). Fed. R. Crim. P. 6(e) prohibits the disclosure of grand jury documents with limited

exceptions.  The test of whether disclosure of information will violate Fed. R. Crim. P. 6(e) is "whether revelation in the particular context would in fact reveal what was before the grand jury."  *Anaya v. United States*, 815 F.2d 1373, 1379 (10th Cir. 1987) (quoting *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 871 (D.C. Cir. 1981)).  Disclosure is not permitted if the documents reveal "at the very least, the direction of the grand jury's investigation, and the names of the persons involved . . . ."  *Id.*

All of the documents defendant requests include information of which Fed. R. Crim. P. 6(e) prohibits disclosure, and she has failed to show a "particularized need" for the documents.  In addition, the FOIA does not apply to the United States courts.  *Hodges v. United States Att'y Gen.*, No. 07-3076-SAC, 2008 U.S. Dist. LEXIS 10968, at *2 (D. Kan. Feb. 13, 2008) (citing *Cook v. Willingham*, 400 F.2d 885 (10th Cir. 1968)).  It is a well-established rule "that grand jury proceedings are privileged and exempt from disclosure under the FOIA."  *Id.* at *1 (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)).  Defendant also requests the documents under Fed. R. Civ. P. 33 and 34.  However, both rules apply during discovery, and therefore would not apply to a post-trial request for documents.

**IT IS THEREFORE ORDERED** that Defendant's Petition for Production of Ministerial Grand Jury Records is denied.

Dated this 26th day of June, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**