# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CARRIE M. NEIGHBORS,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **Case Nos. 07-20124-CM** |
| **v.** | ) | **13-2239-CM** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the court on petitioner Carrie M. Neighbors's Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 610).  In her

initial brief, petitioner requested relief on three grounds: (1) petitioner received ineffective assistance

of counsel because trial counsel did not contest a loss calculation and did not move for an independent

psychological evaluation for petitioner; (2) the court erred by failing to relieve petitioner of her trial

counsel and appoint new counsel; and (3) the court erred in failing to find a Speedy Trial Act violation.

Without objection, petitioner later amended her petition to include an argument that, in contravention

to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), her sentence was increased twenty-four offense

levels for elements not found by a jury beyond a reasonable doubt.  For the reasons set forth below, the

court denies petitioner's motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 2008, the government filed an eighteen-count Second Superseding Indictment,

charging petitioner with conspiracy to commit mail fraud, wire fraud, and money laundering, along

with thirteen counts of wire fraud and three counts of money laundering.  (Doc. 379.)  Prior to trial,

petitioner underwent psychological evaluations and was deemed competent to stand trial by the court. (Doc. 217). A jury convicted petitioner of all charges on September 22, 2010. (Doc. 379).

Using receipts from petitioner's online auction activity, the Presentence Investigation Report ("PSR") calculated the amount of loss resulting from petitioner's fraudulent practices as $703,749.33. Defense counsel objected. (Doc. 412). The court overruled the objection, finding that the loss estimate was conservative and that the calculation method was reasonable. (Doc. 451 at 45–46). The court sentenced petitioner to ninety-seven months imprisonment with two years of supervised release, and ordered her to pay $1,437.82 in restitution and a $1,600.00 special assessment. (Doc. 424).

On appeal to the Tenth Circuit, petitioner raised several issues, none of which related to the district court's failure to remove trial counsel or failure to find a Speedy Trial Act violation. The Tenth Circuit affirmed petitioner's conviction and sentence on January 26, 2012, and the Supreme Court denied certiorari on May 21, 2012. Less than one year later, petitioner filed this motion under 28 U.S.C. § 2255.

## II.     LEGAL STANDARD

28 U.S.C. § 2255 allows "a prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence imposed was in excess of the maximum authorized by law, or is otherwise subject to collateral attack [to] move the court . . . to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). The court must give petitioner an evidentiary hearing on the motion to determine issues and make findings of fact "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). But an

evidentiary hearing is not necessary where petitioner's allegations are conclusory in nature rather than statements of fact. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Petitioner raises an ineffective assistance of counsel claim as her first ground of relief under § 2255. The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail.

First, she must show that her attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The court's decision may rest on either the performance prong or the prejudice prong, or both. *Id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

Petitioner claims she is entitled to relief because her attorney was ineffective for failing to (1) request an independent mental and psychological evaluation of petitioner; and (2) argue against the presence report's finding of over $700,000 of loss.

### 1. *Failure to request independent mental and psychological evaluation*

Before trial, the government moved for a mental evaluation of petitioner. A Bureau of Prisons ("BOP") forensic psychologist performed the evaluation. Petitioner claims she was irreparably damaged because the BOP's findings went unchallenged.

Petitioner's claim fails under both prongs of *Strickland*. First, counsel's failure to request another evaluation does not fall below an objective standard of reasonableness. Notably, petitioner has pointed to no specific deficiency in the evaluation. The BOP evaluation was properly conducted under 18 U.S.C. §§ 4241 and 4247. Section 4247 permits the court to utilize more than one examiner "if the court finds it appropriate." But petitioner has not shown why the court should have found it appropriate under the circumstances of this case. And there are certain situations in which a defendant may select an additional examiner, but none of those apply here. *See* 18 U.S.C. § 4247(b) (citing examinations ordered pursuant to §§ 4245, 4246, or 4248).

Petitioner also fails the second prong of the *Strickland* test because she fails to show a reasonable probability that an additional evaluation would have resulted in a different outcome. Specifically, she does not allege that she was incompetent to stand trial. Petitioner is not entitled to relief on her first claim.

### 2. *Failure to argue against the presence report's finding of loss*

The court next turns to petitioner's "finding of loss" argument. The PSR calculated monetary damages resulting from petitioner's crimes to be $703,749.33. Petitioner claims that the method used to calculate the loss was flawed for two reasons. First, the prices used were arbitrary and inflated the

actual prices of goods sold.  Second, the report incorrectly reflected gross profits from sales, when it should have reduced this number by the amount of expenses incurred in running the store.  Petitioner also maintains that her attorney was ineffective for failing to hire an expert to refute the numbers.

Again, petitioner fails to satisfy either *Strickland* prong.  Petitioner's counsel did, in fact, object to the loss total.  The court overruled counsel's objection.  Furthermore, petitioner's argument under *United States v. Santos*, 553 U.S. 507 (2008)—that the loss calculation should include only net profits of the operation—is misguided.  More recent opinions limit this method to *Santos*'s facts, which involved an illegal gambling operation.  *See United States v. Irvin*, 682 F.3d 1254, 1269 (10th Cir. 2012) ("This court has since clarified that *Santos's* holding must be confined to its factual setting, and that 'proceeds' means 'profits' for the purposes of the money laundering statute *only* where an illegal gambling operation is involved.") (quoting *United States v. Thornburgh*, 645 F.3d 1197, 1209 (10th Cir. 2011)).  Such facts are not present here.

Under the second *Strickland* prong, petitioner fails to show that a proposed different method of calculation would result in a lesser sentence.  In addition, petitioner fails to offer any potential value of expert testimony at sentencing.  The court can only speculate as to what the expert would say and how or if the testimony would alter the loss calculation.  *See Waterhouse v. Hatch*, 498 F. App'x 811, 813 (10th Cir. 2012) (holding that the petitioner did not show prejudice because the value of expert testimony was speculative).  Petitioner is unable to show prejudice.

For the above reasons, petitioner fails to meet either prong of *Strickland*.  There is nothing to suggest counsel's conduct was so unreasonable as to result in a "complete miscarriage of justice," and the court therefore denies relief.

## B. Failure to Appoint New Counsel or Find Speedy Trial Act Violation

Petitioner also contends that the court erroneously failed to appoint new counsel or find a Speedy Trial Act violation. Petitioner raised neither of these issues on appeal.

Generally, matters which should have been raised on direct appeal cannot be considered in a § 2255 motion. *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009). But if the petitioner has "procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the [petitioner] can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner may demonstrate cause by showing ineffective assistance of counsel at the appellate stage, which is evaluated using the two-pronged *Strickland* standard discussed above.

Both of these arguments are properly the subject of a direct appeal—not a collateral attack. *See, e.g.*, *United States v. Mintz*, 520 F. App'x 225, 226 (9th Cir. 2013) (considering appeal of denial of motion for new counsel); *United States v. Allen*, 603 F.3d 1202, 1208 (10th Cir. 2010) (considering appeal of alleged violation of speedy trial rights). Petitioner summarily alleges that she "suffered prejudice" because her "[a]ppellate counsel's performance was deficient . . . ." (Doc. 623 at 7.) But such conclusory statements do not meet the required showing under either prong of the *Strickland* standard. Petitioner therefore fails to demonstrate cause for not raising these matters on direct appeal and is procedurally barred from raising them here.

## C. Applicability of *Alleyne*

Petitioner's last argument is that, in violation of *Alleyne v. United States*, the court increased her sentence using elements of her crime that were not found by the jury beyond a reasonable doubt. The Supreme Court decided *Alleyne* after petitioner was sentenced.

*Alleyne* does not offer petitioner relief. While the case did "set forth 'a new rule of constitutional law,'" it does not apply retroactively to collateral reviews. *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) (quoting *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)). It therefore does not benefit petitioner.

## IV.    CONCLUSION

The record before the court conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

The court notes that in petitioner's original motion, she mentioned a number of other grounds for relief. But she did not include those grounds in her opening brief or offer any argument, evidence, or citations in support of them. The court considers these additional unsupported points abandoned. In any event, there would be no basis for relief because they are nothing more than unsupported, conclusory allegations. (*See, e.g.*, Doc. 610 at 5 ("[Counsel] [f]ailed to object to the Court's admission of alleged false evidence by the government; [] [f]ailed to object to the alleged numerous breaks in the chain of custody of the evidence by the Lawrence Police Department ("LPD"); . . . [f]ailed to incorporate the interviews of investigator Denny Conway into Neighbors'[s] defense, deprived her of her Sixth Amendment right to effective assistance of counsel."); 9 ("The LPD and the FBI violated Neighbors['s] due process rights during the investigation phase of this case.").)

In addition, the court must consider whether to issue a certificate of appealability. The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 610) is denied.

Dated this 10th day of March 2014, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**