**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CARRIE M. NEIGHBORS,         )
                               )
        Petitioner/Defendant,   )
                               )  **Case Nos.**   **07-20124-CM**
v.                             )               **13-2239-CM**
                               )
UNITED STATES OF AMERICA,   )
                               )
        Respondent/Plaintiff.  )
_____)

**MEMORANDUM AND ORDER**

This case is before the court on petitioner Carrie M. Neighbors's Motion for Reconsideration Pursuant to Rule 60(b) (Doc. 666). Petitioner asks the court to reconsider its decision denying petitioner's motion for habeas relief under 28 U.S.C. § 2255. Specifically, in multiple filings supporting her motion, she alleges several points of error: (1) the court misapprehended controlling law on whether the government had to prove "profits" for the money laundering counts; (2) the court erroneously failed to dismiss the case for a Speedy Trial Act violation; and (3) petitioner's former attorney fraudulently filed a memorandum in support of petitioner's § 2255 motion that omitted agreed-upon grounds and arguments. Petitioner initially included another point of error regarding the court's holding that she abandoned certain claims. (Doc. 666 at 1–2.) But she now acknowledges that her Memorandum of Law on file did not, in fact, include the points and arguments that she thought the court overlooked. (Doc. 668 at 2.)

**I.**     **Standard of Review**

If a habeas petitioner files a Rule 60(b) motion, the court must first examine whether the motion is a true motion for relief from judgment. *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). The motion may actually be a second or successive habeas petition. The question is whether

the motion: (1) "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"; (2) challenges one of the court's procedural rulings that precluded resolution of the habeas petition on its merits; or (3) challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–16.  Motions falling under the first category should be treated as second or successive petitions.  Motions falling under the second or third category are treated as any other Rule 60(b) motion.

If the court finds that petitioner's motion is actually a second or successive petition, then the court treats the document accordingly, referring the matter to the Tenth Circuit for authorization if "it is in the interest of justice to do so."  *Id.* at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  If the motion is "mixed," the court will also take mixed action: treating the Rule 60(b) portions as such, and forwarding the remainder to the Tenth Circuit for authorization if appropriate.  *Id.*

**II.**   **Analysis**

**A.**   **Proof of Profits**

Petitioner's first contention reargues a point already addressed in her initial § 2255 motion.  There, she claimed that counsel was ineffective when he failed to argue that the court should have considered net profits instead of gross profits.  (Docs. 610-1 at 13; 623 at 5–6.)  The court rejected that argument.  (Doc. 654 at 5.)  If the court were to consider the argument again now, the challenge would lead "inextricably to a merits-based attack on the disposition of her prior habeas petition."  *Spitznas*, 464 F.3d at 1216.  Petitioner is not merely challenging a procedural ruling or a defect in the integrity of the proceeding.  Instead, she asks the court to review its denial of her habeas request on this issue.  For these reasons, the court determines this portion of petitioner's motion is properly construed as a second or successive request for habeas relief.

Under § 2255, federal prisoners seeking to file a second or successive motion must first obtain authorization from the court of appeals before the district court can consider the motion. *In re Cline*, 531 F.3d at 1250. When a second unauthorized § 2255 motion is filed, the court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice. *See id.* at 1251; *see also* 28 U.S.C. § 1631.

The Tenth Circuit has provided guidance on determining when a transfer would be in the interest of justice. *In re Cline*, 531 F.3d at 1251. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010) (citing *In re Cline*, 531 F.3d at 1252). Section 2255(h) identifies two situations in which a second or successive motion is certifiable: (1) certain newly discovered evidence exists; or (2) certain new rules of constitutional law have been announced.[1] Petitioner does not argue that either of these situations exists, and the court finds no indication that petitioner's claim has merit; it is merely a rehashing of an argument previously rejected by the court. The court therefore finds that it is not in the interest of justice to transfer the case on this issue.

### B.   Speedy Trial Act

In her § 2255 motion, petitioner claimed that a Speedy Trial Act violation occurred. The court held that the argument was procedurally barred because petitioner did not raise it on appeal. Petitioner now reiterates that her appellate counsel was ineffective for not raising it on appeal, and she contends that her counsel's ineffectiveness permits the court to consider the argument now. But petitioner also made this argument previously, (Docs. 610 at 8; 623 at 7), and the court held that her statements were

---

[1] The court ordinarily considers several factors in evaluating whether a transfer is in the interest of justice: (1) whether the claims would be time-barred; (2) the merits of the claims; and (3) the good faith of the filer. *In re Cline*, 531 F.3d at 1251. Because petitioner's motion is merely seeking to re-raise a claim recently addressed by the court, these factors have little relevance here.

conclusory, (Doc. 654 at 6).  Like petitioner's first claim of error, this argument is not proper for a Rule 60(b) motion.  The court must construe this as an attempted second or successive habeas request.

Petitioner also argues that the procedural default rule should not apply because the government committed fraud during the appeal.  (Doc. 685 at 4–5.)  Specifically, petitioner claims that the direct appeal is a "nullity" because the government submitted false evidence in its appellate response brief.  This argument is new and "in substance or effect asserts . . . a federal basis for relief from the petitioner's underlying conviction."  *Spitznas*, 464 F.3d at 1215 (citation omitted).  This is also an attempt at a second or successive habeas request.  For the same reasons stated above, a transfer is not warranted for these claims.

### C.        Fraudulently-Filed § 2255 Memorandum

Petitioner's third contention is that she received ineffective assistance from counsel while pursuing her § 2255 motion.  Specifically, petitioner claims that counsel filed a different version of her Memorandum of Law than she had approved—a version which omitted argument on several important points.  These are the points that the court deemed abandoned in its order on petitioner's § 2255 motion.

The government does not directly address petitioner's contention.  Instead, the government addresses petitioner's original argument: that the court "overlooked" petitioner's arguments on the claims the court deemed abandoned.  But petitioner later determined that counsel did not file the Memorandum of Law that she thought he filed.  According to petitioner, the "correct" Memorandum of Law included support for her claims.  This is significant, as the court found that even if her points were not abandoned, they were conclusory and unsupported.  So the question now is whether, under this new theory, petitioner has alleged a "defect in the integrity of the federal habeas proceedings."

*Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006).  If she has, then the court must consider this portion of her motion as a Rule 60(b) motion.

In support of this argument, petitioner filed both a personal affidavit, as well as an affidavit signed by her husband, Guy Neighbors.  Both affidavits indicate that petitioner's attorney led them to believe that he filed a different version of the Memorandum of Law—one that included the arguments deemed abandoned.  Ordinarily, an "attack based on . . . habeas counsel's omissions . . . does not go to the integrity of the [habeas] proceedings."  *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005).  This is partly because habeas petitioners do not have a constitutional right to counsel in habeas proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.");  *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006) (citing *Finley*, 481 U.S. at 555).  Without a constitutional right to counsel, habeas petitioners also lack a due process right to effective assistance of counsel.  *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982); *Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir. 2007) ("[W]here there is no constitutional right to counsel there can be no deprivation of effective assistance.") (citing *Wainwright*, 455 U.S. at 587–88).

What may bring petitioner's motion under Rule 60(b), however, is her claim of fraud.  She claims that, not only were her habeas attorney's actions ineffective, but they also were fraudulent.  Claims based on fraud may be considered under Rule 60(b).  *See Spitznas*, 464 F.3d at 1216 (noting that a motion based on a claim of fraud on the habeas court could be considered a "true" Rule 60(b) motion).  The court will therefore consider this portion of petitioner's motion as a proper request for Rule 60(b) relief.

Petitioner asks the court for relief under Rule 60(b)(3), which permits relief from a judgment for "fraud . . . misrepresentation, or misconduct by an opposing party."  An initial problem with this

request is the fact that petitioner's former attorney is not an "opposing party" under the plain language of the rule. *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1102 (9th Cir. 2006); *Condero v. United States*, Nos. 09Civ4388, 01CR74, 2012 WL 5431005, at *7 (S.D.N.Y. Nov. 5, 2012); *Sherman v. Verizon Va. Inc.*, 220 F.R.D. 260, 262 (E.D. Va. 2002) ("Plaintiff's former counsel is not an 'adverse party' within the plain meaning of Rule 60(b)(3). . . .  In short, defendant, the 'adverse party' contemplated by Rule 60(b)(3), and not plaintiff's own attorney, must be the author of any fraud, misrepresentation, or misconduct for which the provisions at issue may provide a remedy.").  This provision does not offer petitioner relief based on any fraudulent actions of her former counsel.

Even if Rule 60(b)(3)'s plain language limits its application, however, Rule 60(d)(3) provides that "[t]his rule does not limit the court's power to . . . set aside a judgment for fraud on the court."  Petitioner uses the "fraud on the court" terminology throughout her filings, and the court therefore considers whether subsection (d)(3) justifies vacating the judgment.

Rule 60(d)(3) contemplates fraud that "is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated with the good order of society."  *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).  But the fraud that petitioner asserts in her habeas proceedings was against her—not the court.  She claims that her attorney, without notifying her, changed the version of the brief that he filed on her behalf.  This is simply not the type of fraud that Rule 60(d)(3) is designed to address.  *See Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir. 1996) ("Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.  Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.") (internal quotation omitted); *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267

(10th Cir. 1995) (requiring "a showing of . . . a deliberate scheme to defraud"); *see also Price v. United States*, No. 2:99CV1183, 2010 WL 5343199, at *5 (M.D. Ala. Nov. 5, 2010) ("Fraud on the court, for purposes of Rule 60(d)(3), is not a mere failure of counsel to present certain issues and arguments."). Subsection (d)(3) also offers petitioner no relief.

Rule 60(b)(6) is another avenue that petitioner may be attempting to use, although it is not clear. This provision permits the court to vacate a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To the extent that petitioner also seeks relief under Rule 60(b)(6), such relief is available only under "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199 (1950), which will rarely occur in habeas proceedings, *Gonzalez*, 545 U.S. at 535. The Second Circuit has said that "[t]o obtain relief under Rule 60(b)(6), a habeas petitioner must show that [her] lawyer abandoned the case and prevented the client from being heard, either through counsel or pro se." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).

Petitioner does not meet this demanding standard. Her attorney pursued habeas relief on petitioner's behalf. He filed a memorandum of law and reply memorandum in support of her cause. These documents requested habeas relief and supported that request with legal authority and argument. He did not include all of the arguments that petitioner wanted included, but this court cannot classify his conduct as "abandon[ing] the case." *Id.* The court denies petitioner's Rule 60(b) request for relief from judgment.

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order. The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

It is clear that a certificate of appealability is necessary to pursue the court's denial of relief on petitioner's "true" Rule 60(b) claim. *See Spitznas*, 464 F.3d at 1218 (holding that a certificate of appealability is required before a petitioner may appeal the disposition of a "true" Rule 60(b) motion). It is not as clear whether a certificate is necessary for the claims that the court has determined are attempted second or successive petitions, because the court has also denied a transfer to the Tenth Circuit. *Cf. id.* (providing that no certificate is necessary when a second or successive petition is transferred for authorization).

In any event, the court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability on any of the claims addressed in this Memorandum and Order.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration Pursuant to Rule 60(b) (Doc. 666) is denied.

**IT IS FURTHER ORDERED** that petitioner's Speedy Trial Act and net profits claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that petitioner's claim of fraud in the habeas proceeding is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

Dated this 21st day of January 2015, at Kansas City, Kansas.


s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**